IN THE UNTIED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED

NOV 17 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| AXIL COCKRILL AND JERRY VOELCKER, ET AL. | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. C-03-367 |
| VS. | § § § | |
| ALLFAST FASTENING SYSTEMS INC.; TEXTRON INC.; FAIRCHILD FASTENERS DIRECT, INC.; THE BOEING CO.; NATIONAL AEROSPACE ENGINEERED MATERIALS; AMERICAN AEROSPACE PRECISION MANUFACTURING AND TECHNOLOGY, INC.; AEROSPACE COATINGS, INC.; AEROSPACE COMPOSITE TECHNOLOGIES, INC.; HUCK INTERNATIONAL, INC.; FLUOR CORP., | § § § § § § § § § § § § § § | |
| Defendants | § | |

## DEFENDANT AEROSPACE COATINGS, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW AEROSPACE COATINGS, INC., Defendant, in the above-styled and numbered cause, and files this its Original Answer to Plaintiffs' Original Petition, and for such answer would respectfully show unto the Court the following:

I.

1. Defendant does not have sufficient information whether to admit or deny the allegations in ¶ I regarding the discovery level under which this case should be conducted.

## II.

2. Defendant does not have sufficient information whether to admit or deny the allegations in the first unnumbered paragraph in Section II regarding Plaintiffs' residence.

3. Defendant does not have sufficient information whether to admit or deny the allegations in ¶ 1 regarding the Defendant Allfast Fastening Systems, Inc.

4. Defendant does not have sufficient information whether to admit or deny the allegations in ¶ 2 regarding the Defendant Textron Inc.

5. Defendant does not have sufficient information whether to admit or deny the allegations in ¶ 3 regarding the Defendant Fairchild Fasteners Direct, Inc.

6. Defendant does not have sufficient information whether to admit or deny the allegations in ¶ 4 regarding the Defendant The Boeing Co.

7. Defendant does not have sufficient information whether to admit or deny the allegations in ¶ 5.5 regarding the Defendant National Aerospace Engineered Materials.

8. Defendant does not have sufficient information whether to admit or deny the allegations in ¶ 7.6 regarding the Defendant American Aerospace Precision Manufacturing and Technology, Inc.

9. Defendant AEROSPACE COATINGS, INC. admits that it is a Texas corporation conducting business within the State of Texas. Defendant denies that AEROSPACE COATINGS, INC. is a proper party to this action, or is liable to Plaintiffs in the capacity in which it has been sued. Defendant denies the remainder of the allegations set forth in ¶ 7 of Plaintiffs' Petition.

10. Defendant does not have sufficient information whether to admit or deny the allegations set forth in ¶ 1.8 regarding the Defendant Aerospace Composite Technologies, Inc.

11. Defendant does not have sufficient information whether to admit or deny the allegations set forth in ¶ 1.9 regarding the Defendant Aerospace Fasteners, Inc.

12. Defendant does not have sufficient information whether to admit or deny the allegations set forth in ¶ 10 regarding the Defendant Aerospace Technologies, Inc.

13. Defendant does not have sufficient information whether to admit or deny the allegations set forth in ¶ 11 regarding the Defendant Huck International, Inc.

14. Defendant does not have sufficient information whether to admit or deny the allegations set forth in ¶ 12 regarding the Defendant Fluor Corp.

### III.

15. In response to the allegations set forth in ¶ III regarding venue, Defendant denies that jurisdiction and venue are proper in Nueces County pursuant to the Civil Practices & Remedies Code, as to this Defendant. Defendant denies the remainder of the allegations set forth in ¶ III of Plaintiffs' Petition.

### IV.

16. With regard to the allegations contained in the first unnumbered paragraph in Section IV of Plaintiffs' Petition, Defendant does not have sufficient information whether to admit or deny the allegations regarding Plaintiffs' exposure to cadmium. Defendant denies the remainder of the allegations set forth in the first unnumbered paragraph in Section IV of Plaintiffs' Petition.

17. In response to the second unnumbered paragraph in Section IV, Defendant denies that it committed any tort or illegal act, or violated any law, rule, constitution, statute or the common law made the subject of this suit as referenced by Plaintiffs in the second unnumbered paragraph in Section IV of Plaintiffs' Petition. Defendant denies the remainder of the allegations set forth in the

second unnumbered paragraph below Section IV of Plaintiffs' Petition.

18. In response to the third unnumbered paragraph below Section IV of Plaintiffs' Petition, Plaintiff positively avers that it is a small machine shop located in Lewisville, Texas, with one employee and has never used cadmium. Defendant denies the allegations set forth in this unnumbered paragraph of Plaintiffs' Petition.

**V.**

19. Defendant denies the allegations set forth in ¶ (a) of Plaintiffs' Petition. Defendant further denies it committed any tort or illegal act, or violated any law, rule, constitution, statute or the common law as alleged by Plaintiffs and made the subject of this suit. Defendant further denies that Plaintiffs are entitled to recover any actual or exemplary damages, costs, expenses or attorney's fees as alleged in ¶ (a) of Plaintiffs' Petition.

20. Defendant denies the allegations set forth in ¶ (b) of Plaintiffs' Petition. Defendant further denies it committed any tort or illegal act, or violated any law, rule, constitution, statute or the common law as alleged by Plaintiffs and made the subject of this suit. Defendant further denies that Plaintiffs are entitled to recover any actual or exemplary damages, costs, expenses or attorney's fees as alleged in ¶ (b) of Plaintiffs' Petition.

21. Defendant denies the allegations set forth in ¶ (c) of Plaintiffs' Petition. Defendant further denies it committed any tort or illegal act, or violated any law, rule, constitution, statute or the common law as alleged by Plaintiffs and made the subject of this suit. Defendant further denies that Plaintiffs are entitled to recover any actual or exemplary damages, costs, expenses or attorney's fees as alleged in ¶ (c) of Plaintiffs' Petition.

22. Defendant denies the allegations set forth in ¶ (d) of Plaintiffs' Petition. Defendant further denies it committed any tort or illegal act, or violated any law, rule, constitution, statute or the common law as alleged by Plaintiffs and made the subject of this suit. Defendant further denies that Plaintiffs are entitled to recover any actual or exemplary damages, costs, expenses or attorney's fees as alleged in ¶ (d) of Plaintiffs' Petition.

23. Defendant denies the allegations set forth in ¶ (e) of Plaintiffs' Petition. Defendant further denies it committed any tort or illegal act, or violated any law, rule, constitution, statute or the common law as alleged by Plaintiffs and made the subject of this suit. Defendant further denies that Plaintiffs are entitled to recover any actual or exemplary damages, costs, expenses or attorney's fees as alleged in ¶ (e) of Plaintiffs' Petition.

## VI.

24. In response to the first unnumbered paragraph in Section VI of Plaintiffs' Petition, Defendant denies the allegations regarding the relief sought by Plaintiffs in this cause. Defendant denies the remainder of the allegations set forth in the first unnumbered paragraph in Section VI of Plaintiffs' Petition.

25. In answer to the second unnumbered paragraph in Section VI of Plaintiffs' Petition, Defendant denies that Plaintiffs are entitled to recover any actual or exemplary damages, costs, expenses or attorney's fees and Defendant positively avers that it has not committed any tort or illegal act or violated any law, rule, constitution, statute or common law entitling Plaintiffs to a recovery for same against AEROSPACE COATINGS, INC. as alleged in Plaintiffs' Petition. Defendant denies the remainder of the allegations set forth in the second unnumbered paragraph in Section VI of Plaintiffs' Petition.

26. Plaintiffs' Petition omits Sections VII, VIII and IX, therefore no answer is required.

## VII.

27. In response to the unnumbered paragraph in Section X of Plaintiffs' Petition, Defendant does not have sufficient information or knowledge to admit or deny the stated allegations.

28. In response to the unnumbered paragraph in Section XI of Plaintiffs' Petition, Defendant does not have sufficient information or knowledge regarding whether a jury fee has been paid in this cause and therefore is unable to admit or deny same. Defendant admits the remainder of the unnumbered paragraph in Section XI of Plaintiffs' Petition.

## VIII.

29. Defendant denies that Plaintiffs are entitled to the relief requested by their Prayer as set forth in Plaintiffs' Petition.

## IX.

30. Pleading further, should such further pleading be necessary, Defendant denies the material allegations contained in Plaintiffs' Petition and demands strict proof thereof in accordance with the Federal Rules of Civil Procedure.

## X.

### GENERAL DENIAL

31. Defendant denies each and every, all and singular, the allegations contained in Plaintiffs' Original Petition and demands strict proof thereof in accordance with the Federal Rules of Civil Procedure.

## XI.

## **AFFIRMATIVE DEFENSES**

32. Pleading alternatively, and by way of affirmative defense, should such be necessary, Defendant asserts that Plaintiffs' claims are barred by the applicable statute of limitations.

33. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of repose.

34. Plaintiffs' claims are barred, in whole or in part, by the exclusive remedies provided by the Texas Workers' Compensation Act.

35. Plaintiffs' claims are barred, in whole or in part, because the injuries and damages claimed, if any, were caused in whole or in part by Plaintiffs' own negligence and/or the negligence of third parties over whom this Defendant has not control. Defendant is, therefore, entitled to and seeks an apportionment of fault as provided for by Chapter 33 of the Texas Civil Practice and Remedies Code, *amended* by 2003 Tex. Sess. Law Scrv., Ch. 204 (H.B. 4) (Vernon's 2003).

36. Plaintiffs' claims are barred, in whole or in part, due to intervening and superseding causes over which Defendant had no control.

37. To the extent that any party has settled or may settle in the future with Plaintiffs, Defendant is entitled to an appropriate credit or reduction of any judgment against it.

38. Plaintiffs' claim for punitive damages against Defendant cannot be sustained because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Texas law would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

39. Defendant asserts a right to bifurcate the trial on the issue of punitive damages.

WHEREFORE, PREMISES CONSIDERED, Defendant AEROSPACE COATINGS, INC. prays that Plaintiffs take nothing by their cause of action and that Defendant go hence forth without delay with its costs of court and for such other and further relief, both general and special, at law or in equity, for which Defendant may be justly entitled and for which Defendant shall forever pray.

Respectfully submitted,

By: _____
David W. Neblett
State Bar No. 00784667
Federal I.D. No. 15758

**HUNTER & HANDEL**
A Professional Corporation
Tower II, Suite 1600
Corpus Christi, Texas 78478
Telephone: 361-884-8777
Facsimile: 361-884-1628

**ATTORNEY-IN-CHARGE FOR AEROSPACE COATINGS, INC.**

**OF COUNSEL:**

**HUNTER & HANDEL**
A Professional Corporation
Tower II, Suite 1600
Corpus Christi, Texas 78478
Telephone: 361-884-8777
Facsimile: 361-884-1628

**ATTORNEYS FOR DEFENDANT, AEROSPACE COATINGS, INC.**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing document was served on counsel given below by Certified Mail, Return Receipt Requested on this the 17th day of November, 2003.

Lance H. Lubel
Robins, Coud, Greenwood & Lubel, L.L.P.
910 Travis St. Ste. 2020
Houston, TX 77002

Roy T. Atwood
Jones Day
2727 North Harwood St.
Dallas, TX 75201-1515

Randall C. Grasso
Law Office of Randall C. Grasso, P.C.
4054 McKinney Avenue Ste. 302
Dallas, TX 75204

Cooper G. Dibrell
8620 N. New Braunfels, Ste. 315
San Antonio, TX 78217

James F. Buchanan
WELDER, LESHIN & MAHAFFEY, LLP
800 N. Shoreline Blvd,, Suite 300 North
Corpus Christi, Texas 78401

Monte J. English
English, Clemons & Rodriguez, L.L.P.
555 N. Carancahua, Ste. 1500
Corpus Christi, TX 78478

Charles H. Smith
Smith & Moore
500 Akard St. Ste. 4242
Dallas, TX 75201-6606

Vincent Bailey
National Aerospace Engineered Materials
211 East Ocean Boulevard Ste. 240
Long Beach, CA 90802

Donald E. Miller
The Fairchild Corporation
45025 Aviation Dr. Ste. 400
Dulles, VA 20166-7516

_____
David W. Neblett